**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> PHILLIP S. BARBOUR and <br> MARIA A. BARBOUR, <br><br> Debtors. | Chapter 13 <br><br> Case No. 18-15012-CMG <br><br> Judge Christine M. Gravelle <br><br> **Hearing Date: May 16, 2018** <br> **Hearing Time: 10:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTORS' CHAPTER 13 PLAN**

> **ATTENTION DEBTORS' COUNSEL:**
> **FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN IS FACIALLY UNCONFIRMABLE. TO THE EXTENT NO WRITTEN RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL INSTEAD RELY ON THIS WRITTEN OBJECTION.**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtors' Chapter 13 Plan (the "Plan") [ECF Doc No. 11].  In support thereof, the Service respectfully represents as follows:

## RELEVANT BACKGROUND

1. Phillip and Maria Barbour (the "Debtors") filed a voluntary joint petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on March 15, 2018 (the "Petition Date") [ECF Doc. No. 1].

2. The Debtors have unpaid federal tax liabilities for numerous tax years. *See* Claim No. 2.  The Debtors have also failed to file Form 1040 federal income returns for tax years 2012, 2013, 2014, 2015, 2016 and 2017.  *Id.*  Prior to the Petition Date, the Service filed Notices of Federal Tax Liens (the "Tax Liens") against the Debtors.  *Id.*  Pursuant to 26 U.S.C. § 6321, the Tax Liens encumber all of the Debtors' "property and rights to property, whether real or personal."  26 U.S.C. § 6321.

3. The Service filed a proof of claim against the Debtors in the amount of $237,129.71 (the "Service Claim"), comprised of (i) a secured claim under 11 U.S.C. § 506(a), in the amount of $22,660.00 (the "Secured Claim"), which amount is secured by the Tax Liens on Debtors' scheduled property[1]; (ii) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $201,436.00[2]; and (iii) an unsecured non-priority claim of $13,043.71.  *See* Claim No. 2.

4. For the reasons described below, the Plan is not confirmable.

---

[1] *See* Debtors' Schedule A/B: Property [ECF Doc. No. 10].
[2] This amount is partially estimated because, as noted above, the Debtors have failed to file tax returns for all periods entitled to priority under Bankruptcy Code section 507(a)(8).

2

# OBJECTION

## A. The Plan is Not Confirmable with Respect to the Service's Secured Claim

5. With respect to the Secured Claim, the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a Chapter 13 Plan provide for the retention of the secured creditor's liens and full payment, plus post-confirmation interest. Contrary to section 1325(a)(5)'s requirements, the Plan provides for no payment of the Secured Claim. *See* Plan at 4-6. This deficiency renders the Plan unconfirmable.

6. In addition to failing to provide for full payment, the Plan is not confirmable with respect to the Secured Claim because:

   a. It fails to provide that the Service will retain its liens against the property of the Debtors.[3] 11 U.S.C. § 1325(a)(5)(B)(i)(I).

   b. It fails to calculate (and provide for payment of) post-confirmation interest on the Secured Claim. *Id.* § 1325(a)(5)(B)(ii); *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing

---

[3] It bears noting that property claimed as exempt by the Debtors under Bankruptcy Code section 522 does not impact the allowed amount of the Secured Claim. 11 U.S.C. § 522(c)(2)(B) (mandating that "property exempted under this section is not liable during or after the case for any debt of the debtor . . . except . . . a debt secured by a lien that is . . . a tax lien, notice of which was properly filed." (emphasis added)); *Paratore v. IRS (In re Paratore)*, 1995 Bankr. LEXIS 508, at *9 (Bankr. D.N.J. 1995) ("It is clear from § 522(c)(2)(B), that Congress did not intend that any bankruptcy debtor could exempt any property from a perfected tax lien."); *see also Downey v. Georgia (In re Downey)*, 2006 Bankr. LEXIS 2737, at *4 (Bankr. N.D. Ga. Sept. 27, 2006) ("The Debtors' estate has an interest in the motor vehicles and personal property, and the Debtor cannot exempt those assets from a tax lien, notice of which is properly filed . . . If the tax lien was properly filed, then, the State has a secured claim to the extent of the value of the Debtors' assets . . . The Debtors' chapter 13 plan must provide for payment of the value of this claim or surrender the assets to the State." (internal quotation marks omitted)).

that section 1325(a)(5)(B)(ii) requires payment of post-confirmation interest on secured claims).

    i. The interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (5%) applies to deferred payments of federal taxes. 11 U.S.C. § 511(a).

**B. <u>The Plan is Not Confirmable With Respect to the Priority Claim</u>**

7.    With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Here, the Plan fails to provide for any payment of the Priority Claim. *See* Plan at 3. On this basis, the Plan cannot be confirmed under Bankruptcy Code section 1322(a)(2).

**C. <u>The Plan is Generally Unconfirmable Based on Debtors' Failure to File Tax Returns</u>**

8.    As noted above and in the Service Claim, the Debtors failed to file a Form 1040 federal income tax return for tax years 2012, 2013, 2014, 2015, 2016 and 2017. Pursuant to Bankruptcy Code section 1308(a), the Debtors are required to file all tax returns due within four years of the Petition Date. 11 U.S.C. § 1308(a). Non-compliance with section 1308 renders a chapter 13 plan unconfirmable under Bankruptcy Code section 1325(a)(9). 11 U.S.C. § 1325(a)(9). Moreover, the Debtors' failure to file returns due outside the time period covered by section 1308 also renders the Plan unconfirmable under Bankruptcy Code section 1325(a)(3). That

4

section requires that a plan be "proposed in good faith and not by means forbidden by law." 11 U.S.C. § 1325(a)(3). The Debtors' failure to file *all returns* necessary for the Service to calculate its claim precludes him from meeting this requirement. *In re Weik*, 526 B.R. 829, 835 (Bankr. D. Mont. 2015) ("Debtor's attempt to repay some obligations by means of a chapter 13 plan without having filed *all required tax returns* is contrary to § 1325(a)(3)'s requirement that the plan be proposed 'not by any means prohibited by law.'" (emphasis added)).

9. Thus, until all of the delinquent returns are filed, the Plan cannot be confirmed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan until such time as the above-referenced defects in the Plan are cured; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: May 8, 2018

CRAIG CARPENITO
United States Attorney

*/s/ Eamonn O'Hagan*
EAMONN O'HAGAN
Assistant U.S. Attorney

*Attorneys for the
United States of America*